UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| MATTHEW JOHN SHEFFER, ET AL., ) | |
| Plantiff ) | Civil Action No. 4:18-cv-02080 |
| ) | Judge Matthew Brann |
| vs. ) | Magistrate Judge Karoline Mehalchick |
| ) | |
| CENTRE COUNTY, PENNSYLVANIA, ) | |
| et at., ) | |
| Defendants ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSISITON TO DEFENDANT'S FED. R. OF CIV. PROC. 12 (B)(6) MOTION TO DISMISS

_Defendant's Hundt and Jane Doe_

FILED
SCRANTON
FEB 2 3 2021
Per_____ Amo
DEPUTY CLERK

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | i |
| FACTS | 1 |
| ARGUMNENT | 1-4 |
| CONCLUSION | 4 |

## TABLE OF CITATIONS

| | Page |
|---|---|
| Clouser v. Johnson, 40 F. Supp 3d 425 (3rd Cir. M.D. Pa 2014) | 4 |
| Heck V. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994) | 3 |
| Muchinski v. Solomon, 747 Fed. Appx. 52, 2018 U.S. App Lexis 24319 (3rd Cir. 2018) | 1,2 |
| Septa v. Orrstown Fin Servs. 2020 U.S. Dist Lexis 27326, No. 1:12-cv-00993 (3rd Cir. 2020) | 3 |
| Speiss v. Pocono Mt. Reg'l. Police Dept., 2013 U.S. Dist Lexis 41814, (3rd Cir 2014) | 1,2 |
| Thompson v. TCT Mobile Inc., 2020 U.S. Dist Lexis 55863 (3rd Cir. 2020) | 1 |

## FACTS

Defendants ADA Hundt and Jane Doe have filed a Fed. R. 12 (b)(6) Motion to Dismiss based on the premise that the Plaintiff fails to state a cause of action upon which relief may be granted. They base this on the reasoning that; (1) the Defendants are entitled to absolute prosecutorial immunity, (2) the law of the case doctrine is controlling, (3) the Statute of Limitations has run out, (4) The *Heck* Doctrine bars any relief unless the Plaintiff demonstrates the underlying conviction has been overturned.

Initially the Plaintiff would note that the Defendants forego any right to challenge the factual allegations contained in the Section 1983 complaint by filing this 12 (b)(6) Motion to Dismiss. "When considering a 12 (b)(6) Motion to Dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff."(Internal quotes removed) Thompson v. TCT Mobile, 2020 US Dist Lexis at 7.

## ARGUMENT

### A. Defendants ADA Hundt and Jane Doe are not entitled to absolute prosecutorial immunity.

In the present case, the Plaintiff does not base his Section 1983 intentional infliction of emotional distress and malicious prosecution claims against Defendants Hundt and Doe on their actions in his underlying criminal action, but rather on the actions that occured almost 6 months prior to any criminal complaint being filed against him. During this investigative stage, as stated in the §1983 complaint,(Amended Complaint, Document 44 Pg. 4 Para. 13-15) Defendants Hundt and Doe knowingly failed to preserve exculpatory evidence and assisted in the modification of reports, either directly or by giving advice, that would be used months later for a probable cause and bail determination.

Therefore the actions that necessitated the filing of the complaint are not actions that occured after the filing of the complaint or are intimately associated with the judicial phase. The actions complained of are more in line with the ones found in Speiss v. Pocono Mt. Reg'l Police Dept.; 2013 US Dist Lexis 41814 and Muchinski v. Solomon; 747 Fed. Appx. 52; (3d Cir 2018)

where the 3d Circuit Court held that,

> "[A] prosecutor does not enjoy absolute immunity for giving adivce to police during an investigation leading up to a criminal proceeding. A rule of thumb for defining the investigative/prosecutorial divide is the filing of a complaint. Evidence gleaned prior to the filing is deemed investigative, deirecting evidence gathering by police is investigative, and giving probable cause advice is investigative. Finally, the mere fact that a prosecution is formally initiated does not mean that all investigative actts preceding the filing of charges is entitled to immunity." **(internal quotes omitted)** *Speiss*, 2013 US Dist Lexis at 42

In *Solomon*, the prosecutor was similarly accused of removing exculpatory evidence and modifying a pretrial report. The Third Circuit Court of Appeals declined to afford the prosecutor immunity for action they deemed to be "wholly outside the prosecutorial role no matter when or where they are commintted." 747 Fed. Appx at 58. They concluded based off of case law, that "absolute immunity attaches not to the prosecutor as an individual, but to the nature of the function pursuant to which [they] act, [thus] we evaluate each action that forms the basis of the suit. *Solomon*, 2018 US App Lexis at 4.

As stated and shown in the Plaintiff's complaint, his §1983 suit is based on the conspiracy and actions that the Defendants entered into prior to the initiation of any charges. Despite Centre County's unoconstitutional practice and policy of using excessive bail as a wealth based detention system, Defendants Hundt and Doe did particiapte in actions that would be relevant to any proper bail determination. The Plaintiff is not alleging that the Defendants advocated for any certain level of bail but rather manipulated any bail decision that possibly could have been made through the actions outline more thoroughly in his §1983 Amended Complaint.

Since Defendants Hundt and Doe participated in what the courts have deemed an investigative capacity and not a prosecutorial one, the doctrine of absolute immunity does not apply to the Defendants and is not a bar to the Plaintiff seeking relief.

## B. Law of the Case is not Controlling

Defendant Hundt Contends that Plaintiffs excessive bail claims are barred by the Doctrine of law of the case. However the doctrine of law of the case does not apply to an amended complaint that contains new factual allegations. This issue was previous litigated in Septa v. Orrstown fin Servs. 2020 US DIST Lexis 27326, No. 1:12-cv-00993 (3d Cir. 2020)

Upon analysis of relevant case law, the Third Circuit Court in Septa concluded that an amended complaint which seeks to assert new factual allegations is not asking the courts to reconsider a previous determination. Rather the amended complain should be judged on it's merits, and the law of the case doctrine... is applicable... and the law as it applies to the facts as they now stand must be re-evaluated. Septa US dist Lexis at 55

Furthermore, in the instant case the Defendants can't claim that Plaintiff's Amended Complaint is unduly delayed or unduly prejudicial. The Plaintiff is pro se and has attempted to meet all litigation rules and deadlines despite the restrictive circumstances of incarceration and COVID-19. The facts contained in the amended complaint were leaned of after the filing of the initial complaint and Plaintiff has attempted to assert them despite no previous law training.

Similarly the Defendants can't claim prejudice because they can't show how they would be unfairly prejudiced or deprived of the opportunity to present facts of evidence, because this litigations hasn'T even progressed to discovery.

For the reasons stated above, in the instant case the law of the case doctrine is not a bar because the amended complaint should be judged on its merits since it contains significant new factual allegations and or evidence.

## C. Statute of Limitations is not applicable but the Doctrine of Heck is proper.

The statute of limitations argument is intertwined with the doctrine of Heck v. Humphrey, 512 US 477, 114 S. CT. 2364, 129 L. Ed. 2d 383 (1994), so therefore both arguments are outlined below.

Defendants statute of limitations argument is moot and irrelevant to the instant case because the actions wich form the basis of the Plaintiff's claims would show a pattern of misconduct amongst the prosecutorial staff. This misconduct could then be used to attack the validity of the underlying conviction in various ways, including the constitutional guarantees of a fair

3

and speedy trial. Therefore under the doctrine of Heck, the Plaintiff can not proceed.

The 3d Circuit court has continuously held that Heck is a bar to any §1983 claim that would tend to call into question the validity of a criminal conviction. So as a prerequisite to any §1983 lawsuit which would imply the invalidity of a conviction, a Plaintiff must show that the underlying conviction has been overturned.

Heck also held that, "a Section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 US at 489. This court in Clouser v. Johnson, 40 F. Supp. 3d 425, 431 (M.D. PA 2014) clarified that to mean that, " certain §1983 claims [then] operate under a rule of deferred accrual, such that the claim does not accrue for purposes of initiating a §1983 action until the conviction is overturned."

The Plaintiff concedes that under the doctrine of Heck, he can not proceed any further until he demonstrates that his conviction has been overturned, which he is currently in the process of doing. Until such time that he can, the statute of limitations does not start accruing. As such if the Court deems the §1983 lawsuit to be barred under Heck, the Plaintiff reserves the right to reinstate it once he has shown that his conviction has been overturned.

## CONCLUSION

In conclusion the Defendant's Arguments of prosecutorial absolute immunity, law of the case, and statute of limitations are not applicable to the case at hand and do not bar the claims against them. However the Plaintiff concedes that the Doctrine of Heck is an appropriate bar to further progress until such time that he can demonstrate his conviction has been overturned.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer/ Memorandum of law in Opposition to Defendant's Motion to Dismiss was deposited in the Correction Facility Mail services, postage prepaid, in SCI- Houtzdale, on the _16th_ day of _February_, 2021, addressed to the Following:

Lee, Green, And Reiter, Inc.
115 E. High Street, P.O. Box 179
Bellefonte, Pa 16823

Signed, _____
Matthew John Sheffer, pro Se Litigant
Inmate Id# NV- 7636
SCI- Houtzdale
Po Box 1000
Houtzdale Pa 16698

To the Clerk of Court

   Please file the enclosed Responses to Defendants Centre County, Hundt, and Jane Doe. Thanks for your time and consideration.

Civil Action No. 4:18-cv-02080

encl: 1 answer to CC
      2 answer to Hundt, Doe.

Respectfully,

*[signature]*

Matthew John Sheffer, ID NV-7636
Pro Se Litigant
SCI-Houtzdale
P.O. Box 1000
Houtzdale PA, 16698

neopost
02/17/2021
US POSTAGE $001.40
ZIP 16693

INMATE MAIL
PA DEPT
OF CORRECTIONS

Matthew Shaffer
ID# NV-7636
SCI Houtzdale

P.O. Box 1000
Houtzdale PA, 16698

RECEIVED
SCRANTON

FEB 2 3 2021

PER_____ DEPUTY CLERK

Office of the Clerk
U.S. District Court
Middle District of PA
235 N. Washington Ave
P.O. Box 1148
Scranton, PA 18501